IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JUSTIN DENNIS NICHOLS,<br><br>Plaintiff,<br><br>vs.<br><br>MR. MCTIGHE, MS. POWELL,<br>MR. MADRID, MS. ALSTEAD,<br>MR. MONTGOMERY, MR. DELELLA,<br>MR. TROMBLEY, MR. BIRKEBILE,<br>MR. NELSON, MR. VINES,<br>MR. JOHNSON, MR. MORHARDT,<br>and MR. WIRSCHING,<br><br>Defendants. | CV 21-35-GF-BMM<br><br><br>ORDER |

Plaintiff Nichols filed a proposed complaint, it appeared he was attempting to join the proceedings in *Lozeau v. McTighe et al*., Cause No. CV 19-00690GF-BMM-JTJ.  See, (Doc. 5 at 1.)  Nichols was advised that he would not be allowed to join Mr. Lozeau's proceedings and would need to proceed separately with his own claims.  *Id*. at 2-5.

Nichols was directed to file an Amended Complaint and was advised of the showing he would need to make relative to each named Defendant.  *Id*. at 5-10. Nichols failed to file an Amended Complaint.  Nichols was then directed to show cause as to why this matter should not be dismissed for failure to prosecute and

1

failure to comply with a Court order.  See, (Doc. 7.)  Nichols failed to respond to the order to show cause.

## I.     Failure to Prosecute

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action.  The Court may dismiss a case on its own without awaiting a motion.  See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999).

Nichols has failed to file his amended pleading within the requisite timeframe and has also failed to respond to the Court's show cause order. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Nichols refuses to comply with the Court's orders. Nichols' case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such

3

alternatives prior to dismissal.  *Id.*  Nichols was provided with an explanation of the additional information the Court required and was afforded an adequate amount of time to prepare his Amended Complaint.  Nichols failed to respond entirely.  At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998).  But in light of the other four factors favoring dismissal, the weight of this factor is slight.  The Court finds this matter should be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II.    CONCLUSION

Given Nichols' failure to respond to this Court's orders on two separate occasions, no further resources of the Court should be expended and Nichols Complaint will be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1.  This matter is dismissed.  The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith.  The record

makes plain that Nichols has failed to prosecute this matter and/or comply with the

Court's orders.

DATED this 20th day of September, 2021.

_____
Brian Morris, Chief District Judge
United States District Court